United States District Court
Southern District of Texas
**ENTERED**
June 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:19-CR-0078-1 |
| | § | |
| SADIE ELAINE CANALES; aka GARZA | § | |

## ORDER

Before the Court is Defendant Sadie Elaine Canales's ("Canales") motion requesting credit for time spent in pre-trial detention. The Court DENIES Canales's motion since prior to incarceration, she was out of custody on bail.

### I.  JURISDICTION

The Court has jurisdiction pursuant to 18 U.S.C. § 1331.

### II.  FACTUAL AND PROCEDURAL HISTORY

On January 10th, 2019, Canales was arrested by Drug Enforcement Agency officers as part of a then-ongoing law enforcement action against a group of conspirators who planned to transport and distribute methamphetamine from Mexico to the United States. (D.E. 1). Seven days later, on January 17th, 2019, Canales posted bond secured by $3,000.00 and was released from custody. (D.E. 7). On February 21st, 2019, Canales pleaded guilty to conspiracy to possess with intent to distribute 5.953 kilograms of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (D.E. 39). On December 2nd, 2019, Canales was sentenced to 140 months of imprisonment and 5 years of supervised release, with the judgment entered on the docket four days later. *Id.* Judgment became final fourteen days later on December 20th, 2019. *See* Fed. R. App. P. 4(b) (amend. eff. Dec. 1, 2010). On January 15th, 2020, Canales's bond of $3,000.00 was ordered to be disbursed back. (D.E. 41).

On June 25th, 2020, Canales's motion requesting credit for time served for the period starting January 17th, 2019 to April 16th, 2019 was filed. (D.E. 43). She is presently incarcerated in the Federal Correctional Institution in Fort Worth, Texas. *Id.*

### III.   LEGAL STANDARD

18 U.S.C. § 3585(a), which is part of the statute governing calculation for terms of imprisonment, states that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(b) directs that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences — (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

With regard to whether a defendant is in official custody when out on bond, the Supreme Court has ruled that "under the language of the Bail Reform Act of 1984, a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions…is 'released.' *Reno v. Koray*, 515 U.S. 50, 57 (1995). A defendant who was released on bail and even subject to home confinement "is not in 'official detention' for purposes of 3585(b)…" *Siebert v. Chandler*, 571 F. App'x 328, 328–329 (5th Cir. 2014).

### IV.   DISCUSSION

Here, Canales petitions the Court for credit for time spent on bail for the period starting January 17th, 2019 to April 16th, 2019, which encompasses part of the time she was out of

custody on bond. (D.E. 43). In her letter, Canales states that time spent on bail, in community treatment centers, or during home confinement are to be given consideration for credit. *Id.* She, however, does not cite any case law or statute that shows her claim; indeed, the law as described above establishes that Canales may not be given credit for the time she was out on bail. As such, the Court denies her petition.

### V.   CONCLUSION

For the foregoing reasons above, the Court DENIES Canales's motion for credit for time served in pre-trial detention.

SIGNED and ORDERED this 25th day of June, 2020.

_____
Janis Graham Jack
Senior United States District Judge